**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

HAYWARD PATTERSON,                                                                                    PLAINTIFF
ADC #145893

v.                                              1:13CV00108-JTK

ROGER TIMS, et al.                                                                                    DEFENDANTS

**MEMORANDUM AND ORDER**

**I.    Introduction**

Plaintiff Hayward Patterson is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC).[1] He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging retaliation and racial discrimination against Defendants Tims, Rogers, and Budnik, with respect to incidents which occurred while Plaintiff was housed at the Grimes Unit of the ADC.

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 21). Plaintiff has not filed a Response, despite the Court's September 17, 2014 Order directing such (Doc. No. 24).[2]

According to his Amended Complaint, Defendant Tims signed a grievance submitted by Plaintiff on November 29, 2012, but never provided Plaintiff with a copy (Doc. No. 5, p. 4.) Then on August 8, 2013, Tims again refused to give Plaintiff a copy of a grievance he signed "with a malicious and discriminatory behavior act of retaliation against me." (Id.) Later, Defendant Rogers

---

[1] Although Plaintiff has not notified the Court of his release from prison, he is no longer listed as an inmate on the ADC website.

[2] The Court cautioned Plaintiff that failure to respond could result in the dismissal without prejudice of his complaint, for failure to prosecute, pursuant to Local Rule 5.5(c)(2). However, the September 17, 2014, Order mailed to Plaintiff at his last-known address was returned to the Court as undeliverable on September 23, 2014 (Doc. No. 25).

informed Plaintiff he dismissed a disciplinary charge Tims wrote against him. (Id.) Plaintiff claims Tims' actions were discriminatory and intended to deprive him access to the grievance process. (Id., p. 5.) He also claims that Defendant Budnik was responsible for failing to confront Tims, and therefore, failed to protect Plaintiff from Tims' malicious behavior. (Id.) Finally, he claims Defendant Rogers, as Tims' supervisor, is liable and responsible for the continuous harassment and retaliation he suffered. (Id.)

## II.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and

2

Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2). In this case, in light of Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court finds that the facts set forth by Defendants are undisputed for purposes of the Motion, and that summary judgment should be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3).

### A.     Official Capacity Immunity

First, the Court finds Plaintiff's monetary claims against Defendants in their official capacities should be dismissed pursuant to sovereign immunity. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 65 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 755 (8th Cir. 1997).

### B.     Exhaustion

Next, the Court agrees that Plaintiff's claims against Defendants Budnik and Rogers should be dismissed, for failure to exhaust his administrative remedies, as required by the ADC grievance policy and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731,

741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original.) Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

According to the affidavit of Kenric Williams, inmate grievance coordinator, prior to filing this action Plaintiff did not file a grievance against Defendants Rogers and Budnik concerning the issues raised in his complaint. (Doc. No. 21-2, p. 3.) Furthermore, only one of the grievances filed by Plaintiff concerning Defendant Tims' conduct was properly exhausted and decided on the merits. (Id., p. 4.) In GR-13-0610, Plaintiff complained Tims improperly processed the November 29, 2012 grievance. (Id., Doc. No. 21-4.) However, that grievance was rejected as untimely and not responded to on the merits. (Id.) In GR-13-1869, Plaintiff complained that Tims violated ADC policy by issuing him a disciplinary violation. (Doc. No. 21-2, p. 4; Doc. No. 21-5.) This grievance was rejected because disciplinary matters are not grievable. (Id.) Similarly, Plaintiff complained about Defendant Tims in GR-13-1876, which also was rejected as involving a non-grievable matter.

(Doc. No. 21-2, p. 4; Doc. No. 21-6.)[3]

The only properly-exhausted grievance filed by Plaintiff against Defendant Tims was GR-13-1568, where Plaintiff complained that Tims discriminated against him by not providing him with a copy of a grievance form. (Doc. No. 21-2, p. 5; Doc. No. 21-7.) Although Plaintiff also complained in his deposition testimony that Tims failed to process his legal mail on June 21, 2013, he never filed a grievance about that issue, and thus, failed to properly exhaust. (Doc. No. 21-2, p. 5.)

As noted above, the PLRA requires that prior to filing a lawsuit, an inmate must completely exhaust his administrative remedies through the appropriate grievance procedures. The ADC grievance procedure in effect at the time of these incidents was AD 12-16, which clearly directs inmates to specifically name each individual involved, and instructs that grievances must be exhausted prior to filing a lawsuit. (Doc. No. 21-2, p. 3; Doc. No. 21-3, pp. 5, 18). Therefore, Plaintiff's failure to name Defendants Budnik and Rogers (or even to refer to them in the context of the allegations at issue in this complaint) in a properly-exhausted grievance, means that the present claims against them must be dismissed, for failure to exhaust.

### C. Qualified Immunity

The Court agrees that Defendant Tims is protected from liability by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon

---

[3] Defendants note that a separate disciplinary appeals process is to be used to grieve disciplinary charges/convictions. (Doc. No. 21-2, p. 5.)

v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Having reviewed the allegations set forth in Plaintiff's Amended Complaint and the exhibits and briefs presented by Defendants, and absent a response or additional facts or evidence from the Plaintiff, the Court finds that Defendant Tims is entitled to qualified immunity because Plaintiff fails to establish the violation of a constitutional or statutory right. First, his allegation against Tims based on the failure to process a grievance fails to state a constitutional claim for relief. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). In addition, "plaintiff does not

---

[4] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265 *3 (W.D.Mo. 2009). "The inmate grievance procedures are not required by the Constitution, and therefore, there is no constitutional obligation on defendants' part to afford plaintiff meaningful access to the internal grievance procedure and to investigate and properly determine any such grievance." Fowler v. Crawford, No. 07-4197-CV-C-SOW, 2009 WL 2982922 *3 (W.D.Mo. 2009).

Similarly, any allegation that Tims violated ADC policy fails to state a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Next, Plaintiff's claim that Tims discriminated against him fails to support a constitutional claim, because he does not allege, or provide any evidence to support, that Defendant treated Tims differently from other similarly-situated inmates. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994). While he makes the statement that Tims discriminated against him based on race, he provides no examples of racially-biased actions. And, in his deposition testimony, Plaintiff admits that Tims' actions against him were probably not based on his race: "And he did have something against me that I don't know. And I couldn't figure it out....Discrimination, based on who I am. It may not be my color, but he might didn't like my attitude, he might didn't like the way that I look." (Doc. No. 21-2, p. 4.) Therefore, absent a response from Plaintiff and any other supporting allegations and/or evidence the Court finds that no reasonable person in Defendant's position would believe that his actions violated Plaintiff's constitutional rights.

In addition, any claim based on retaliation also fails because Plaintiff provides no facts to support his claim that Tims had a motive for retaliating against him. A claim of retaliation must be

based upon an allegation that the inmate was punished for engaging in constitutionally-protected activity. Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007). In addition, an allegation of retaliation must "allege sufficient facts upon which a retaliatory animus could be inferred," and must be more than "speculative and conclusory." Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996). In this case, Plaintiff's bare allegations that Tims retaliated against him by not processing grievances or by filing a disciplinary charge against him (which was not processed), do not support a constitutional claim for relief. See also Antonelli v. Tipton, where the court affirmed a pre-service dismissal of a retaliation claim where the inmate failed to alleged sufficient facts from which a retaliatory animus could be inferred. No. 08-3123, 2009 WL 4825169 (8th Cir. Dec. 16, 2009) (unpublished decision).

And finally, Plaintiff's allegation that Defendant Tims harassed him fails to support a constitutional claim for relief. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)). In addition, the "constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." King, 117 F.3d at 1067 (quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991)).

Upon close review of the evidence in support of the Motion for Summary Judgment, the Court finds that Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 21) is GRANTED.

2. Plaintiff's Complaint against Defendants Budnik and Rogers is DISMISSED without

prejudice, for failure to exhaust administrative remedies.

3. Plaintiff's Complaint against Defendant Tims is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 8th day of October, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE